UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AYMAN MARJI,

                                     Petitioner,

              - against -

DAVID ROCK, Superintendent, Great Meadow
Correctional Facility,

                                     Respondent.
------------------------------------------------------------------x

09-CV-2420 (CS) (PED)

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**



Appearances:

Joseph M. Latino
Croton-on-Hudson, New York
*Counsel for Petitioner*

John J. Sergi
Westchester County District Attorney's Office
White Plains, New York
*Counsel for Respondent*

Seibel, J.

Before the Court are Petitioner Ayman Marji's Objections, dated August 31, 2011, (Doc. 16), and Respondent David Rock's Objections, also dated August 31, 2011, (Doc. 15), to the Report and Recommendation ("R&R") of United States Magistrate Judge Paul E. Davison, dated July 19, 2011, (Doc. 11), recommending denial of Petitioner's Petition pursuant to 28 U.S.C. § 2254, (Doc. 1).[1] Familiarity with the prior proceedings, the R&R, and the issues presented is presumed.

---

[1] The objections are timely, as the parties requested, and I granted, an extension of time to September 2, 2011, to file objections to the R&R. (Doc. 13.)

I.  Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 6(d) (providing an additional three days where service made by mail or electronically). A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b). In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *accord Evans v. Ericole*, No. 06-CV-3684, 2008 WL 4861783, at *2 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses,

argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (internal quotation marks omitted)).

II.   Petitioner's Objections

    A.   Confrontation Clause

With respect to his Confrontation Clause claim, Plaintiff objects, citing *Daye v. Attorney General*, 696 F.2d 186 (2d Cir. 1982), that his hearsay objections were sufficient to put the state court on notice that he was raising federal claims under the Confrontation Clause. *Daye* itself, however, stated that "a defendant's claim that he was deprived of a fair trial because of the admission in evidence of a statement objectionable as hearsay would not put the court on notice that the defendant claimed a violation of his constitutional right to be confronted by his accusers." *Id.* at 193. Accordingly, I concur with Judge Davison's conclusion that the Confrontation Clause claim was preserved only with respect to the Montero Statement.

Petitioner further objects that the trial court's limiting instruction was insufficient because the disputed evidence directly implicated the Petitioner. In so arguing, Petitioner relies on *Bruton v. United States*, 391 U.S. 123 (1968), and *Richardson v. Marsh*, 481 U.S. 200 (1987). *Bruton* and *Richardson*, however, relate to the situation where a non-testifying co-defendant's confession, implicating the defendant, is admitted for its truth and the jury is instructed to consider it only against the co-defendant. Those cases created "a narrow exception" to "the almost invariable assumption of the law that jurors follow their instructions." *Richardson*, 481 U.S. at 206-07. The Supreme Court did not hold, and to this Court's knowledge has never held, that that exception should be extended to the commonplace situation where an out-of-court statement is admitted but not for its truth. Accordingly, I adopt Judge Davison's conclusion that admission of the Montero Statement did not violate the Confrontation Clause.

B.     *Ex Parte* Communication

Petitioner objects to Judge Davison's conclusion that the conversation between the Assistant District Attorney ("ADA") and the trial judge's law clerk, regarding an error the ADA had made with respect to the date of a prior bad act, did not violate Petitioner's right to be present during a critical phase of the trial. Petitioner argues that the *ex parte* communication need not be critical in order for that right to be violated, but rather need only detract from the fairness of the proceeding. Assuming for the sake of argument that Petitioner is correct, the *ex parte* communication here did not rise even to that lower standard. The conversation was essentially a non-event: nothing happened as a result of it, and it could not have influenced the judge's rulings because he was not aware of it. It thus cannot be said to have detracted from the fairness of the proceedings. Indeed, Petitioner's real complaint appears to be that the ADA did not advise his counsel of her error in advance of her opening statement, a complaint that does not implicate the constitutional right to be present at all critical phases of the case. Accordingly, I concur with Judge Davison that *habeas* relief is not warranted on this ground, either.[2]

C.     Cumulative Errors

Petitioner finally objects that his argument to the state court with respect to cumulative errors was sufficient to alert that court that he was raising a federal due process claim. I agree with Judge Davison, however, that the discussion of cumulative error in Petitioner's counsel's brief to the Appellate Division related to harmless error, not due process. While the words "due process" appear in Petitioner's reply brief in that court, issues raised only in reply are not

---

[2] This outcome should not be read as the Court condoning the ADA's communication with the law clerk. While she seems to have been nobly motivated by the desire to correct her previous statement as soon as possible, she should have included defense counsel in the conversation or communicated her correction by letter to the Court and counsel.

-4-

properly considered. *See, e.g., Alexander v. Spanierman Gallery, LLC*, 883 N.Y.S.2d 492, 493 (1st Dep't 2009); *Munnerlynn v. Lilley*, 872 N.Y.S.2d 682, 682 (3d Dep't 2009). In any event, evidentiary rulings, even if erroneous, generally do not present constitutional questions cognizable via a *habeas* petition, *see, e.g., Hussain v. Woods*, No. 08-CV-2375, 2011 WL 1486555, at *10 (E.D.N.Y. Apr. 19, 2011), and amount to due process violations only if "so extremely unfair [as to] violate[] fundamental conceptions of justice," *Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir. 1998) (internal quotation marks omitted). Petitioner has not demonstrated that the alleged evidentiary errors to which he points, considered individually or cumulatively, rendered his trial so extremely unfair that the state court's affirmation of his conviction amounts to an unreasonable application of Supreme Court precedent.

III. Respondent's Objection

Respondent objects to Judge Davison's conclusion that a Confrontation Clause objection was preserved as to the Montero Statement. Respondent seems to argue that "the twin issues" of hearsay and confrontation were before the trial court all along, even before defense counsel raised the confrontation issue with respect to the Montero Statement – a position which, if accepted, would mean that Judge Davison should have found the issue preserved as to all the challenged statements. Respondent also seems to argue that by objecting only on hearsay grounds to the earlier statements, Petitioner somehow waived his right to object to the Montero Statement on confrontation grounds. Neither argument persuades me. The confrontation issue was not before the trial court until defense counsel raised it, and that was only in connection with the Montero Statement. But Respondent has provided no authority, and I am aware of none, for the proposition that failing to object to some evidence on confrontation grounds means that the defendant cannot raise that ground in objection to other evidence. It just means, as Judge

Davison held, that only the evidence as to which the constitutional objection was made can be reviewed via a *habeas* petition. But objecting to some evidence on one ground does not work a waiver of a defendant's right to object to other evidence on another ground. Accordingly, as earlier noted, I adopt Judge Davison's analysis of the preservation of the Confrontation Clause issues.

## Conclusion

Accordingly, I adopt the R&R as the decision of the Court. The Petition is dismissed with prejudice. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *Lozada v. United States*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: October 13, 2011
White Plains, New York

CATHY SEIBEL, U.S.D.J.